NOT DESIGNATED FOR PUBLICATION

No. 114,988

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

REX WILLIAM ALLEN MILLS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed August 19, 2016. Affirmed.

Submitted for summary disposition under K.S.A. 2015 Supp. 21-6820(g) and (h).

Before SCHROEDER, P.J., GREEN, J., and STUTZMAN, S.J.

*Per Curiam*: Rex Mills appeals the trial court's decision to revoke his probation. This court granted Mills' motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67).

In 2014, Mills entered a no-contest plea to one count of felony theft, a severity level 9 nonperson felony. The trial court imposed an underlying sentence of 12 months in prison but granted probation for 12 months. The State later moved to revoke Mills' probation for failure to remain law-abiding. On July 28, 2015, Mills stipulated to violating the law while on probation and entered a plea of no contest to one count of breach of privacy, a level 8 person felony. A combined violation and disposition hearing

1

was held on August 25, 2015. The trial court found that Mills was not amenable to probation and stated it was not obligated to give Mills an intermediate sanction for the new law violation while on probation. Specifically, the trial court told Mills:

> "[A]t some point you have to come to view your behavior as one that will have swift consequences from the criminal justice system . . . this is not something that the court can pass up and just put you back on probation and give you another opportunity when you were on probation."

The trial court revoked Mills' probation and ordered him to serve his underlying prison sentence.

Mills argues that the trial court erred in revoking his probation and imposing the underlying prison sentence. Nevertheless, Mills acknowledges that once there has been evidence of a violation of the terms of probation, the decision to revoke probation rests in the discretion of the trial court. A judicial action constitutes an abuse of discretion if: (1) no reasonable person would have taken the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be stated that the trial court abused its discretion. *State v. Gant*, 288 Kan. 76, 82, 201 P.3d 673 (2009), *abrogated on other grounds by State v. Sampson*, 297 Kan. 288, 301 P.3d 276 (2013).

K.S.A. 2015 Supp. 22-3716(c)(8) provides that a court may revoke probation without imposing an intermediate sanction if the offender commits a new felony or misdemeanor while on probation. Here, Mills committed a new felony while on probation, to which he stipulated at the probation revocation hearing and to which he pled no contest. The trial court did not abuse its discretion in revoking Mills' probation. See

2

K.S.A. 2015 Supp. 22-3716(c)(8); *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

Affirmed.